[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11120
The plaintiff, Rosemarie Rybczyk, by writ, summons and complaint, dated September 22, 1993, is seeking a dissolution of her marriage to the defendant, Joseph E. Rybczyk.
After a full trial, all parties present and represented by counsel, and based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines, concludes and rules as follows:
The plaintiff, whose maiden name was Rosemarie Cantwell, and the defendant intermarried at Middletown, Connecticut, on March 2, 1973.
The parties have resided in the state of Connecticut for at least one year preceding the date of this complaint.
The following children have been born to the wife since the date of the marriage; both children are lawful issue of this marriage:
Joseph E. Rybczyk, Jr., born October 15, 1981;
Daniel M. Rybczyk, born August 1, 1985;
No governmental agency is contributing to the support of the parties or their minor children.
The marriage has broken down irretrievably.
The court attributes the fault for the breakdown of the marriage to the defendant husband. Although, there was evolved a increasing lack of communication between the parties, the defendant walked away from the marriage and commenced a relationship with another women with whom he felt he could communicate more easily and more meaningfully than with his wife.
The plaintiff worked steadily during the first ten years of the marriage then part-time since 1980, devoting most of her time as a homemaker and raising her children. Her nonmonetary contributions as a homemaker contributed to the family and allowed the defendant to work at several jobs. Both parties are reliable and industrious. CT Page 11121
The parties, at the request of the defendant, transformed the equity in their home into a business loss. They invested in a Video Store which failed and placed the parties in an overwhelming debt position.
The plaintiff has trained for and is working parttime as a certified nursing aide and is earning approximately $135.00 per week.
The defendant is a postal worker earning approximately $17.00 per hour. But, because of a job related injury, is receiving workers compensation benefits and at the present time is considered temporarily totally disabled. The defendant has worked for the post office department all through his marriage and for four years prior thereto.
There is in existence a pendente lite court order for alimony and support of which the defendant is admittedly in arrears in the amount of $3,300.00
Based on the criteria mandated in General Statute Sections46b-81, 46b-82 and 46b-84 the court enters the following orders:
Joint custody is awarded to the parties with the principal residence of the minor child Joseph to be with the defendant and the principal residence of Daniel to be with the plaintiff. The parties shall have reasonable rights of visitation.
The defendant shall pay to the plaintiff as support for the minor child Daniel the sum of $140.00 per week.
The defendant shall pay to the plaintiff as periodic alimony the sum of $100.00 per week for a period of five years, during which time the plaintiff who has indicated a desire to do so, will be working and should be in a position of independence.
The defendant shall maintain health insurance for the minor children and the parties are to equally divide all unreimbursed health care expenses for the minor children.
There is no equity in the marital home. Said property is to be sold with the proceeds, if any, to be divided equally, after expenses, between the parties.
The plaintiff is to receive one half, by qualified domestic CT Page 11122 relations order of the pension due the defendant as of October 28, 1994.
The defendant is to transfer to the plaintiff title to the 1987 Chevrolet Celebrity.
The plaintiff is to transfer to the defendant title to the 1985 Chevrolet Astro.
The defendant shall maintain a life insurance policy in the amount of $100,000.00 as available through his employer and name the children as irrevocable beneficiaries until they graduate from high school or turn 18, whichever later occurs.
The periodic alimony stated above shall be nonmodifiable as to amount and term unless the defendant becomes totally disabled and receives an early disability annuity in lieu of a retirement annuity. At that time periodic alimony shall cease and the plaintiff shall receive by qualified domestic relations order 1/3 of such benefits as of their accrual as of October 31, 1994.
The court, having found arrearages in the amount of $3,300.00, orders that it be paid, immediately by applying one half of a tax refund of $1,373.00 now being held in escrow to such arrearages and the balance at such time as the defendant settles his workers compensation claim. The balance of the tax escrow is to be paid to the plaintiff.
Each party shall be responsible for those debts listed on their respective financial affidavits as of October 31, 1994.
The defendant shall receive the TV and stand from the master bedroom, the Sonyo Cassette, AM-FM, CD Player, his clothes from the attic, his baseball cards, sets and other baseball materials, his tools, paints, and his ladder from the storage shed, his Christmas bell ornaments (a gift from his mother), the LP records in the basement, the Kenner baseball figurines, the video camera, tripod and 8 mm tapes. He shall remove the above within 30 days. All the remainder of furniture, appliances and personal property shall be the plaintiff's.
The defendant and the plaintiff shall be sole owners of their assets as listed on their respective financial affidavits.
The defendant shall claim the mortgage interest paid on the CT Page 11123 marital property for 1994.
The defendant shall pay to the plaintiff towards her counsel fees and within 120 days, the sum of $1,500.00
The plaintiff shall claim the minor child, Daniel, and the defendant shall claim the minor child, Joseph, as dependents for income tax purposes.
A decree may enter dissolving the marriage and incorporating therein the above findings, determinations and orders of the court and restoring to the plaintiff her maiden name, Rosemarie Cantwell.
SPALLONE STATE TRIAL REFEREE
Judgment to enter in accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk